**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:14-cr-00037 JLT SKO |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) |
| v. | |
| STEPHEN RAY STINSON, | (Doc. 45) |
| Defendant. | |

Stephen Ray Stinson is a federal prisoner proceeding *pro se* on his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 45.) The Office of the Federal Defender declined to file a supplemental motion on Defendant's behalf. (*See* Doc. 48.) The government filed an opposition. (Doc. 55.) Defendant did not file a reply. For the reasons set forth below, the motion is **DENIED**.

**I.    Background**

On January 22, 2014, a police officer initiated a traffic stop after observing Defendant using a cellular phone while driving. (Presentence Investigation Report (PSR), Sealed Doc. 41 ¶ 3.) Defendant, a convicted felon, had been driving on a suspended driver's license and had an active warrant for his arrest. (*Id*. ¶¶ 3, 24.) A search of Defendant's vehicle revealed, among other items, a large fixed-blade knife and a backpack containing 19 grams of methamphetamine intended for distribution, a loaded sawed-off 12 gauge shotgun, and an additional live round of

1

ammunition. (*Id.* ¶ 4.) He was arrested at the scene. (*Id.* ¶ 5.)

Defendant was indicted on February 27, 2014. (Doc. 3.) The indictment charged Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Two); and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) (Count Three). (*Id.*)

In February 2015, Defendant pled guilty to Count One of the indictment. (Docs. 37, 39.) The PSR assigned a total offense level of 29, which included a 4-level increase under U.S.S.G. § 2K2.1(b)(6)(B) based on Defendant's possession of a firearm in connection with another felony offense, a 2-level increase for obstruction of justice, and a 3-level reduction for acceptance of responsibility. (PSR ¶¶ 14-29.) Defendant was assigned 19 criminal history points based upon numerous prior convictions and 2 status points under the prior version of U.S.S.G. § 4A1.1(d), for a total criminal history score of 21. (*Id.* ¶¶ 35-45.) This placed him in criminal history category VI, which, when combined with a total offense level of 29, resulted in a guideline sentencing range of 151 to 188 months. (*Id.* ¶ 67.) However, because the 10-year maximum sentence under § 922(g)(1) was less than the minimum guideline sentence, the guideline became 120 months. (*Id.*, citing U.S.S.G. § 5G1.1(a).)

At the sentencing hearing, the Court adopted the findings and recommendations in the PSR without change and sentenced Defendant to 120 months of imprisonment followed by a 36-month term of supervised release. (Doc. 42; Doc. 44 at 2-3; Statement of Reasons at 1.)

Defendant is currently incarcerated at the Federal Correctional Institution in Atlanta, Georgia, with a projected release date of August 25, 2036. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited November 24, 2025).

**II.    Legal Standard**

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances

include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018, a defendant, or the Director of the Bureau of Prisons on the defendant's behalf, may move for a sentence reduction in the district court. 18 U.S.C. § 3582(c)(1)(A). Upon such motion,

> district courts may reduce [a defendant's] term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) "extraordinary and compelling reasons" warrant a sentence reduction; (3) a sentence reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a).

*United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). The defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Id.* at 951.

### A.    Administrative Exhaustion

Section 3582(c) permits a defendant to apply to a federal district court for a sentence modification only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).[1]

Defendant asserts that he submitted an "appeal" to the warden and received no response within 30 days. (Doc. 45 at 1.) He provides no documentation or supporting details, such as the date the appeal was submitted or received. *See United States v. Alaniz*, 2020 WL 1974150, at *1 (E.D. Cal. Apr. 24, 2020) (denying motion on exhaustion grounds where defendant did not "provide the court with the date(s) on which these letters were allegedly sent or when they were

---

[1] If the BOP denies a defendant's request within 30 days of receipt of such a request, to exhaust his administrative remedies, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies the defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, the defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

received by the warden of FCI Lompoc").

The administrative exhaustion requirement under § 3582(c)(1)(A) imposes a "mandatory claim-processing rule" rather than a jurisdictional bar, which must be enforced when "properly invoked" by the government. However, the government does not indicate its position on the issue of exhaustion as it pertains to § 3582(c)(1)(A). (*See* Doc. 55 at 12-13.) In any event, because the Court finds a denial is warranted on other grounds, it will briefly address them.

### B.     Extraordinary and Compelling Reasons

To obtain relief, a defendant must demonstrate "extraordinary and compelling reasons" as defined in the Sentencing Commission's current policy statement, U.S.S.G. § 1B1.13(b). *See United States v. Arcila*, 716 F. Supp. 3d 1052, 1055 (D. Or. 2024), *reconsideration denied*, 2024 WL 2048643 (D. Or. May 6, 2024); *see also United States v. Neal*, 2024 WL 1886476, at *2 n.2 (E.D. Cal. Apr. 30, 2024).[2] These include the defendant's medical circumstances, age and other related factors, family circumstances, victimization, unusually long sentence, and "other reasons." *See generally* U.S.S.G. § 1B1.13(b)(1)-(6) (effective Nov. 1, 2023).

Defendant does not identify any medical, family, age-related, or other circumstances encompassed by U.S.S.G. § 1B1.13(b). Instead, he asserts that "extraordinary and compelling reasons" exist because, in his view, he would not be convicted of violating § 922(g) if prosecuted today. (Doc. 45 at 3.) He cites *Rehaif v. United States*, 588 U.S. 225 (2019), *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and later decisions to support that contention. Thus, the grounds he identifies as "extraordinary and compelling" are, in substance, an attack on the validity of his conviction.

In *Rehaif*, the Supreme Court held that a conviction under 18 U.S.C. § 922(g) requires the

---

[2] Prior to the November 2023 amendments, the Ninth Circuit held that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). However, the Ninth Circuit recently held that in 2023, "having regained a quorum, the Commission revised § 1B1.13 to govern motions by a defendant." *United States v. Bryant*, 144 F.4th 1119, 1124 (9th Cir. 2025) (citing Notice, Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,256 (May 3, 2023)). "Now, courts are 'bound by' § 1B1.13 in deciding all compassionate release motions under § 3582(c)(1)(A)." *Id.* (citing *Chen*, 48 F.4th at 1098; *Concepcion v. United States*, 597 U.S. 481, 495 (2022)). The Court clarified that "*Aruda* has therefore been superseded to the extent that it sets out a different rule for motions filed by defendants after the effective date of the 2023 revisions to § 1B1.13." *Id.* n.1.

government to prove not only that the defendant knew he possessed a firearm but that "he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237. Although not clearly articulated, Defendant appears to argue that because he was not advised of this knowledge-of-status element when he pled guilty in 2015, his plea was not knowing or voluntary—and therefore, his sentence violates due process—and he would not be convicted of § 922(g) today. (Doc. 45 at 2-3.)

Defendant also raises a constitutional challenge to § 922(g), citing *Bruen* and later decisions such as *United States v. Duarte*, 101 F.4th 657 (9th Cir.), *reh'g en banc granted, opinion vacated,* 108 F.4th 786 (9th Cir. 2024), and *on reh'g en banc*, 137 F.4th 743 (9th Cir. 2025)*.* (*See* Doc. 45 at 2-3.) He appears to rely on these cases to contend that his conduct is protected under the Second Amendment and that, for this reason as well, he would not be convicted today.

Because Defendant's claimed "extraordinary and compelling reasons" consist only of alleged legal defects in his conviction, his motion does not implicate any circumstance encompassed by § 3582(c)(1)(A) or § 1B1.13(b). He identifies no medical, family, age-related, or other qualifying circumstances, and no retroactive change in sentencing law that would support a reduction in sentence.[3] Defendant's position is further undermined by the fact that he seeks vacatur of his sentence rather than a reduction—relief that § 3582(c)(1)(A) does not authorize. (*See* Doc. 45 at 3.)

A federal prisoner seeking to challenge the validity of their conviction or sentence must do so by way of a motion under 28 U.S.C. § 2255.[4] *United States v. McGruder*, 2024 WL

---

[3] Even assuming, *arguendo*, that Defendant had properly raised a sentencing disparity argument under U.S.S.G. § 1B1.13(b)(6), his reliance on *Rehaif* would not likely support a sentence reduction. *See United States v. Reed*, 2022 WL 1120046, at *3 (W.D. Pa. Apr. 14, 2022) (noting that "*Rehaif*'s impact lacked the 'extraordinary' quality necessary to justify compassionate release") (cited with approval in *United States v. Bickle*, 2023 WL 4421375, at *1 n.2 (D. Nev. July 6, 2023)).

[4] Though federal courts may, in appropriate circumstances, recharacterize a motion to reflect its substantive legal basis, such recharacterization carries significant procedural consequences, including restrictions on "second or successive" petitions under the Antiterrorism and Effective Death Penalty Act. *See Castro v. United States*, 540 U.S. 375, 381-84 (2003) ("[A]n unwarned recharacterization cannot count as a § 2255 motion for purposes of the 'second or successive' provision, whether the unwarned *pro se* litigant does, or does not, take an appeal."). Accordingly, the court may not recharacterize a filing as a

5

3029234, at *2 (E.D. Cal. June 17, 2024) (citing *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002)); *see also United States v. Zacarias-Mercado*, 2024 WL 216559, at *2 (E.D. Cal. Jan. 19, 2024) ("As to defendant's constitutional challenge to his offense of conviction, … it is clear that a federal prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence, because such claims are cognizable under § 2255, not under § 3582(c)."); *United States v. Rogers*, 2022 WL 686850, at *4 (D.S.C. Mar. 8, 2022) ("[A] compassionate release motion under 18 U.S.C. § 3582 is not the proper vehicle to challenge the validity of a sentence under *Rehaif*. Rather, the proper vehicle is a motion pursuant to 28 U.S.C. § 2255. This is because *Rehaif* provides a basis to vacate a criminal defendant's conviction, not alter his term of imprisonment, and Section 2255 controls motions to vacate convictions."). In *Evans v. United States*, the court expanded on this standard, explaining:

> As amended by the First Step Act, § 3582 confers discretion on federal sentencing courts only to reduce the length of an otherwise valid sentence based on extraordinary and compelling reasons. But in exercising such discretion on compassionate grounds, the courts do not—indeed, cannot—disturb the validity of the underlying conviction or the legality of the original sentence (even if arguments about such claims could serve as permissible grounds for compassionate release).

*Evans,* 2025 WL 2624211, at *4 (C.D. Cal. Sept. 5, 2025).

In sum, because Defendant seeks to challenge the validity of his § 922(g) conviction, he has failed to carry his burden of demonstrating an extraordinary and compelling reason warranting relief. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b). For this reason, the Court does not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284

---

§ 2255 motion without first cautioning the defendant of those consequences and providing him an opportunity to contest the recharacterization, withdraw the motion, or amend the motion to include all § 2255 claims he believes he has. *Id.* at 383 (collecting cases). Given these considerations—and because Defendant has not indicated any intent to pursue relief under § 2255—the Court declines to recharacterize the present motion as one brought under § 2255.

Moreover, even if the Court were to construe the motion as arising under § 2255, it would be untimely. A § 2255 motion must be filed within one year of the date on which the judgment becomes final or within one year of a newly recognized right made retroactively applicable on collateral review. 28 U.S.C. § 2255(f). The Supreme Court issued its decision in <u>Rehaif</u> on June 21, 2019. *See Rehaif*, 588 U.S. 225. Therefore, subject to limited exceptions, Defendant was required to file any § 2255 asserting a *Rehaif*-based claim by June 21, 2020. *See United States v. McGruder*, 2024 WL 3029234, at *3-4 (E.D. Cal. June 17, 2024) (considering whether a showing of "actual innocence" could overcome untimely § 2255 motion).

(9th Cir. 2021) ("a district court that properly denies compassionate release need not evaluate each step" of the "sequential step-by-step analysis" required by § 3582(c)(1)(A)); *see also Wright*, 46 F.4th at 947 (holding that the structure of § 3582(c)(1)(A) "necessarily dictates that a court may deny compassionate release at any stage of the § 3582(c)(1)(A) pipeline").

### IV.     Conclusion and Order

Based upon the foregoing, Defendant's motion for sentence reduction (Doc. 45) is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 24, 2025**                                   _____
UNITED STATES DISTRICT JUDGE